# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| SUSAN MILLER, | |
| Plaintiff, | 1998-CV-0089 |
| v. | |
| VIRGIN ISLANDS HOUSING AUTHORITY and GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF POLICE, | |
| Defendants. | |

TO: Lee J. Rohn, Esq.
     Richard Schrader, Jr., Esq., AAG
     Anna H. Paiewonsky, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER came before the Court upon the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant to Provide Complete Responses to Interrogatories (Docket No. 265).

This matter has been pending since March 1998. A review of the record reveals that discovery closed January 31, 2002. No motion to extend the discovery deadline or to re-open discovery appears on the docket. In fact, trial had been scheduled to commence August 13, 2007, but was continued upon the motion of Plaintiff. The said motion to

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Denying Plaintiff's Motion to Compel
Page 2

compel was filed on August 8, 2007, after the Court granted Plaintiff's motion to continue trial.

The Court previously has adopted the general rule that motions to compel discovery must be filed within the time allowed for the discovery itself.

> Although Fed. R. Civ. P. 37 does not specify any time limit within which a Motion to Compel must be brought, courts have made it clear that a party seeking to compel discovery must do so in timely fashion. *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production."). Once, as here, a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n.10 (4th Cir. 1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *DesRosiers v. Moran*, 949 F.2d 15, 22 n.8 (1st Cir. 1991). It is especially important that a party file its motion before discovery cutoff. *American Motorists Insurance Co. v. General Host Corp.*, 162 F.R.D. 646, 647-48 (D. Kan. 1995) (motion to compel denied where defendant made "absolutely no effort" to file motion before discovery deadline).

*Continental Industries, Inc. v. Integrated Logistics Solutions, L.L.C.*, 211 F.R.D. 442, 444 (N.D. Okla. 2002). *See also, e.g., Ayala-Gerena v. Bristol Meyers-Squibb, Co.*, 95 F.3d 86, 94 (1st Cir. 1996) (where the appellate court ruled that the district court's denial of "what was clearly" an untimely motion to compel document production was not an abuse of discretion where movants "waited more than one month after a second extended discovery deadline had elapsed to properly request an order"); *Lloyd v. Waffle House, Inc.*, 347 F. Supp. 2d 249, 256

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Denying Plaintiff's Motion to Compel
Page 3

(W.D.N.C. 2004) (where the court flatly declares, " A motion to compel discovery must be filed within the discovery deadline"); *Capozzi v. Gale Group, Inc.*, Civil No. 3:00CV2129 (WWE), 2002 WL 1627626 (D. Conn. June 24, 2004) (where the court denied a motion to compel that was filed three days after a second extended discovery deadline); *Medtronic Sofamor Danek, Inc. v. Osteotech, Inc.*, No. 99-2656-GV, 2001 WL 1910058 at *4 (W.D. Tenn. September 21, 2001) (where the court states "Moreover, the motion to compel was filed with the court on August 22, 2001, one day after the August 21, 2001 discovery deadline had passed. If for no other reason, the motion should be denied as untimely filed after the discovery deadline") (footnote omitted)). Consequently, the Court finds that Plaintiff's motion to compel, filed well over five (5) years after the close of discovery, is untimely.

Accordingly, it is now hereby **ORDERED** that the Joint Stipulation Regarding Plaintiff's Motion to Compel Defendant to Provide Complete Responses to Interrogatories (Docket No. 265) is **DENIED**.

ENTER:

Dated: August 29, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE