DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| SUSAN MILLER, <br><br> Plaintiff, <br><br> v. <br><br> VIRGIN ISLANDS HOUSING AUTHORITY and GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF POLICE, <br><br> Defendants. | 1998-CV-0089 |

TO: Lee J. Rohn, Esq.
 Anna H. Paiewonsky, Esq.
 Richard Schrader, Jr., Esq., AAG

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE RULE 26 DISCLOSURES**

THIS MATTER came before the Court upon Plaintiff's Motion to Strike Rule 26 Disclosures (Docket No. 252). Defendant Virgin Islands Housing Authority (VIHA) filed a response (titled, "Reply to the Motion to Strike Rule 26 Disclosures) to said motion. The time for filing a reply has expired.

At issue is the document titled, "The VIHA's Rule 26.2(C) [sic] Self-Executing Discovery," dated May 25, 2007, and attached as Exhibit 1 to Plaintiff's motion. A review of the record reveals that such document was never filed with the Court. Plaintiff objects to the document as untimely.

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Granting Plaintiff's Motion to Strike Rule 26 Disclosures
Page 2

According to LRCi 26.2, all self-executing disclosures by a defendant must be made within ninety (90) days after serving its answer to the complaint. LRCi 26.2(c)(1)(A)(iv)(2). This matter has been pending since March 1998. While said Defendant has a duty to supplement its self-executing disclosures pursuant to LRCi 26.2(c)(2), the Court cannot determine from the record whether said Defendant filed or provided to Plaintiff self-executing disclosures previously. Moreover, said Defendant does not identify previously-filed or provided disclosures in its response to said motion. Thus, the Court finds that the document at issue is not supplemental in nature. Consequently, the Court finds that, for purposes of Rule 26, the disclosures contained within the document at issue are untimely.

When determining whether to strike the document, however, the Court applies the factors for excluding evidence as articulated in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 .2d 113 (3d Cir. 1977) *aff'd,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). The elements include:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Granting Plaintiff's Motion to Strike Rule 26 Disclosures
Page 3

*Meyers*, 559 F.2d at 904-05.  With respect to the document at issue, the Court finds that Plaintiff is prejudiced by the untimely disclosures and that said Defendant cannot cure such prejudice given the fact that trial is scheduled to commence in less than a month.  Based upon these findings, the Court will grant Plaintiff's motion.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Strike Rule 26 Disclosures (Docket No. 252) is **GRANTED**.

2. In the event the document at issue has been filed, such document is **STRICKEN**.

3. Defendant Virgin Islands Housing Authority is barred from attempting to file such disclosures and/or relying upon the information contained therein specifically as Rule 26 disclosures.

ENTER:

Dated: February 14, 2008                            /s/
                                            GEORGE W. CANNON, JR.
                                            U.S. MAGISTRATE JUDGE