# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| SUSAN MILLER,<br><br>                **Plaintiff,**<br>  v.<br><br>VIRGIN ISLANDS HOUSING AUTHORITY and GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF POLICE,<br><br>                **Defendants.** | 1998-CV-0089 |

TO:   Lee J. Rohn, Esq.
        Leslie A. Kelley, Esq.
        Richard Schrader, Jr., Esq., AAG

## ORDER REGARDING PLAINTIFF'S MOTION TO BAR NON-EXPERT AND EXPERT WITNESSES

THIS MATTER came before the Court upon Plaintiff's Motion to Bar Non-Expert and Expert Witnesses Listed by the VIHA and the VIPD in the Joint Final Pretrial Order (Docket No. 253). Defendant Virgin Islands Housing Authority (VIHA) filed a response (titled, "Reply to the Motion to Strike Rule 26 Disclosures") and Defendant Government of the Virgin Islands filed a response to said motion. Plaintiff filed a reply to Defendant VIHA's response.

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Regarding Plaintiff's Motion to Bar Non-Expert and Expert Witnesses
Page 2

Plaintiff seeks to preclude Defendants from calling Noel Lewis, Sgt. Parris, Sgt. Riley Waugh, Conrad Francos [sic], Corporal Enrigue [sic] Santos, Andrea Byron, Mrs. Byron, Internal Affairs, Sgt. Carlisle [sic] Penn, Sgt. Donohue, Sgt. Thomas Parries [sic], Officer Johnson, Captain Lake, Officer John Joseph, Adina Hodge, Sgt. Genevieve Green, Dallas Tirk, Sgt. Ramon Gonzalez, Commissioner Franz Christian, Gaston Tuckett, Basilio Felix, Officer Johnson Lake, Phillipe [sic] Concepcion, Dino Herbert, Winsbut MacFarlande, Lt. Bramble, Lt. Hannah, and Angel Santos as witnesses at trial. Plaintiff asserts that she had no prior knowledge of Defendants' intention to call these individuals as witnesses prior to receiving Defendants' portion of the proposed joint final pretrial statement. Plaintiff claims that had she been aware of such intention, she would have deposed the individuals.

In response, Defendant VIHA points out that many of the names listed by Plaintiff are individuals Plaintiff names in her own witness list, specifically, Noel Lewis, Sgt. Riley Waugh, Sgt. Carlisle [sic] Penn, Officer John Joseph, Sgt. Genevieve Green, Dallas Tirk, Commissioner Franz Christian, Gaston Tuckett, Basilio Felix, Phillipe [sic] Concepcion, and Winsbut MacFarlande. As stated in Appendix I to LRCi 16.1, para. 14: "Persons whose names appear on another party's list need not be listed again." Since Plaintiff obviously knew that the individuals named as witnesses by her had knowledge and information relevant to the underlying matter, Plaintiff cannot claim surprise or untimely disclosure.

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Regarding Plaintiff's Motion to Bar Non-Expert and Expert Witnesses
Page 3

In addition, VIHA argues that Sgt. Parris, Andrea Byron (who is the same person as Mrs. Byron, Internal Affairs), Sgt. Donohue, Sgt. E. Thomas (not Sgt. Thomas Parries), Officer Johnson Lake (who appears to be the same person as Plaintiff lists as Officer Johnson, Captain Lake), Dino Herbert, and Lt. Bramble all were identified by Defendants in their respective responses to discovery requests as persons with knowledge and information. Had Plaintiff exercised due diligence with respect to these individuals, she could have determined the necessity for depositions far in advance of the proposed joint final pretrial order. Thus, the Court finds no reason to bar Defendants from calling such persons as witnesses.

Plaintiff voluntarily withdrew her objection to Conrad Francos [sic] and Sgt. Ramon Gonzalez. Consequently, the Court will deny Plaintiff's motion as to those individuals.

The only individuals identified by Plaintiff who remain at issue are Corporal Enrigue [sic] Santos, Adina Hodge, Lt. Hannah, and Angel Santos. Given Defendants' non-opposition or other reason that such persons should not be barred, the Court will grant Plaintiff's motion with respect to these four (4) individuals.

Finally, with respect to Plaintiff's objection to the so-called expert witnesses, the Court leaves such decision to the trial judge. Defendant VIHA explains that such persons

*Miller v. Virgin Islands Housing Authority*
1998-CV-0089
Order Regarding Plaintiff's Motion to Bar Non-Expert and Expert Witnesses
Page 4

are intended to be called as lay experts; thus, any issues going to said experts' qualifications can be addressed at trial.

Accordingly, it is now hereby **ORDERED**:

1. Plaintiff's Motion to Bar Non-Expert and Expert Witnesses Listed by the VIHA and the VIPD in the Joint Final Pretrial Order (Docket No. 253) is **GRANTED IN PART AND DENIED IN PART**.

2. Defendants Virgin Islands Housing Authority and Government of the Virgin Islands are precluded from calling Corporal Enrigue [sic] Santos, Adina Hodge, Lt. Hannah, and Angel Santos as witnesses at trial.

ENTER:

Dated: February 14, 2008                         /s/
                                         GEORGE W. CANNON, JR.
                                         U.S. MAGISTRATE JUDGE